IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CLYDE ERNEST HARPER, | ) | 8:17CV58 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| STATE OF NEBRASKA, | ) | |
| Defendant. | ) | |

This matter is before the court on its own motion. In a memorandum and order entered on April 4, 2017 (Filing No. 9), Plaintiff was granted leave to proceed in forma pauperis. Upon further review, the court finds such memorandum and order was entered in error.

As stated in the Prison Litigation Reform Act, a prisoner cannot "bring a civil action . . . or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).

The following five civil actions brought by Plaintiff, while a prisoner, were dismissed as frivolous or as failing to state a claim upon which relief may be granted:

- *Clyde E. Harper v. Douglas County Correctional Center*, No.8:02CV320 (D. Neb.), dismissed for failure to state a claim upon which relief may be granted on January 28, 2003.

- *Clyde E. Harper v. Douglas County Correctional Center*, No.8:02CV285 (D. Neb.), dismissed for failure to state a claim upon which relief may be granted on July 1, 2003.

- *Clyde E. Harper v. Douglas County, et al.*, No.8:02CV287 (D. Neb.), dismissed for failure to state a claim upon which relief may be granted on July 22, 2003.

- *Clyde E. Harper v. Scott A. Calkins*, No.8:04CV536 (D. Neb.), dismissed for failure to state a claim upon which relief may be granted on October 25, 2004.

- *Clyde E. Harper v. Judge Coffey*, No.4:15CV3033 (D. Neb.), dismissed for failure to state a claim upon which relief may be granted on July 20, 2015.

Plaintiff has not shown that he is in imminent danger of serious physical injury.

Accordingly, Plaintiff has until June 15, 2017, to show cause why this matter should not be dismissed pursuant to 28 U.S.C. §1915(g). Alternatively, Plaintiff may pay the full $400.00 filing fee no later than June 15, 2017. In the absence of good cause shown or the payment of the full filing fee, Plaintiff's Complaint and this matter will be dismissed without further notice.

IT IS ORDERED:

1. The court's memorandum and order entered April 4, 2017 (Filing No. 9), is set aside and vacated. The clerk of the court shall notify Plaintiff's institution to stop collecting partial filing fee payments and shall remit any funds already collected pursuant to the vacated order.

2. Plaintiff's motion for leave to proceed in forma pauperis (Filing No. 6) is denied.

3. Plaintiff has until June 15, 2017, to either show cause why this case should not be dismissed pursuant to 28 U.S.C. §1915(g) or pay the full $400.00 filing fee. In the absence of either action by Plaintiff, this matter will be dismissed without further notice.

4. The clerk of the court is directed to set a pro se case management deadline in this matter with the following text: June 15, 2017: Deadline for Plaintiff to show cause or pay full filing fee.

DATED this 16th day of May, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge